(25 Misc. Rep. 578.)

### SNOOK v. SULLIVAN et al.

(Supreme Court, Special Term, Onondaga County. December, 1898.)

GIFTS—UNDUE INFLUENCE—EVIDENCE.

     Plaintiff's testatrix, while old and considerably enfeebled, and 20 years after executing her will, transferred several shares of bank stock to a relative, who was a cripple and unable to support himself, and who lived at quite a distance, and rarely visited testatrix. The gift would largely interfere with the provisions of the will. Testatrix had no other relatives with whom she lived on more friendly terms. *Held*, that the gift should not be set aside for undue influence.

Action by Helen J. Snook, as administratrix with the will annexed of the estate of Harriet White, deceased, against Robert P. Sullivan and others, to set aside a transfer of shares of bank stock made by plaintiff's testatrix in her lifetime. Judgment for defendants.

Lewis & Crowley, for plaintiff.

Belknap & Cowels and George H. Sears, for defendants.

HISCOCK, J. The general principles of law which are applicable to this case are pretty well and definitely settled. The issue is mainly one of fact,—whether the transfer in question was a voluntary and intelligent one, or whether it was so subject to mental infirmity upon the part of the donor, and of pressure upon the part of the donee, that it should be set aside. Upon this issue I find myself led to a conclusion in favor of the defendant. It is unnecessary to recapitulate all of the evidence, but some of it may be referred to. Miss White was not, in my judgment, so infirm mentally as not to be able to appreciate a transaction of this kind. She was, it is true, old, and considerably enfeebled physically; but all of the evidence bearing

upon her mental operations seems to me to indicate that she had mind enough to fully appreciate and understand what the gift of this property meant. So far as defendant's exercising undue influence over her is concerned, if the evidence of his wife is to be believed, in the light of the other circumstances to which I shall refer, he was not guilty of the same. Mrs. Sullivan details what took place at the time when this transfer was executed, and while she undoubtedly made mistakes about some of the details, such as the signature of defendant upon the scrip, and possibly the fixing of the seal, I do not feel willing to find that she was guilty of deliberate perjury in her account of the main transaction. Her testimony and her appearance upon the stand, taken together, are, in my judgment, opposed to that conclusion. In addition, as above suggested, there are some other circumstances which bear upon the probability and reasonableness of this transaction, and sustain her testimony. Miss White had no immediate family. It does not appear that she had at all intimate or close relations with any of her relatives other than defendant, and most of whom were of a quite distant degree. Upon the other hand, her relations with the defendant, while he lived in the part of the county near her, were friendly, and she relied upon him, to a limited extent, to look after her affairs for her. Before this transaction took place, however, he had moved to a distant part of the state, visiting her infrequently, and certainly not well situated to exercise such persistent and effective coercion as is made the basis for setting aside a transaction of this kind. In addition to all of this, he had become, through disease, a cripple, and unable to take care of himself. All of these circumstances do not make it difficult to account for such a gift as this, but, on the other hand, independent of the direct evidence of Mrs. Sullivan, suggest it as a reasonable and natural thing. Attention is called to a will which had been executed by the donor, which made a distribution of her property which would largely interfere with, and have been broken up by this gift. That will, however, was executed almost 20 years before this stock was given to defendant, and it is very easy to understand that during that time circumstances had happened to change the designs and intentions of Miss White in regard to her property. Ordered accordingly.